UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE FAULKS,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 13-cv-02871-MEJ<br><br>**ORDER RE: DISCOVERY AND PRETRIAL DEADLINES** |

As a preliminary matter, on September 21, 2015, the Court granted Plaintiff's request to allow the parties to meet and confer regarding discovery disputes either by telephone or video conference. Dkt. No. 81. The Court warned the parties it would reinstate the in-person meeting requirement if it determined these meetings are not fruitful. Given the parties' recent filings (*see* Dkt. Nos. 92, 93), it is clear the meetings have not been fruitful. Therefore, the Court hereby REINSTATES the in-person meet and confer requirement. For any disputes that arise, regardless of who initiates the dispute, the parties shall alternate meetings at counsels' offices. Alternatively, the parties may agree to other locations, as long as they meet in person in a good faith attempt to resolve their disputes.

Substantively, there are several discovery disputes now pending (Dkt. No. 92) that could be resolved through in-person meet and confer efforts. Accordingly, the Court DENIES all pending discovery letters WITHOUT PREJUDICE. The Court ORDERS the parties to meet and confer in person on November 2, 2015 at 9:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. The parties shall come prepared to meaningfully discuss and resolve their disputes. If unable to resolve the dispute, the parties shall draft revised joint letter(s) at the session in compliance with paragraph 2 of the Standing Order. Thus, the parties are

1  ORDERED to bring any necessary equipment to draft the letter(s) and present it to the Deputy
2  Clerk for electronic filing.  If the parties meet and confer in person and resolve their disputes or
3  meet in person and thereafter file a joint letter prior to November 2, they shall jointly request the
4  Court vacate the meet and confer session.  Given the drawn out nature of the procedural history in
5  this case, the parties are advised that the Court is unlikely to rule on any discovery disputes based
6  on timeliness objections.  The Court urges the parties to focus on the merits of the case and the
7  potential relevance of any requests under Federal Rule of Civil Procedure 26.

8  Procedurally, as to Defendant's Ex Parte Application to Continue the Discovery Cut-Off
9  and Dispositive Motion Deadlines (Dkt. No. 93), the Court finds a continuance would benefit both
10 parties for the purposes discussed herein.  Accordingly, the discovery deadline is CONTINUED to
11 December 9, 2015.  The Court VACATES the dispositive motion deadline.  The parties shall file
12 an updated Joint Case Management Statement by December 16, 2015.

13 **IT IS SO ORDERED.**

15 Dated: October 16, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge