United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURENCE FAULKS,

    Plaintiff,

v.

WELLS FARGO & COMPANY, et al.,

    Defendants.

Case No. 13-cv-02871-MEJ

**DISCOVERY ORDER**

Re: Dkt. No. 97

## INTRODUCTION

Pending before the Court are two discovery dispute letters regarding Defendant Wells Fargo & Company, Bank N.A. and Wells Fargo Home Mortgage's (collectively "Wells Fargo") refusal to produce deponents it argues are subject to "apex" protection. Dkt. No. 97, Ex. 2 ("Walker Ltr."); Ex. 3 ("DeVito Ltr."). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiff Laurence Faulks brings this case against Wells Fargo challenging its actions related to the foreclosure on real property located at 25 Cameo Way, San Francisco, California 94131 (the "Property"). A complete background of this case can be found in the Court's August 17, 2015 Order granting Plaintiff leave to file an amended complaint. *See* Dkt. No. 76.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably

cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## DISCUSSION

**A.    Deposition of Michael DeVito**

Plaintiff seeks to depose Michael DeVito, the Executive Vice President of Default Servicing for Wells Fargo. DeVito Ltr. at 1. Plaintiff explains that his Complaint alleges "Wells Fargo engaged in a common scheme and practice of pretending to review loan modification applications without the good faith intent of granting those modifications." *Id.* He cites two statements allegedly made by Wells Fargo—one explaining it is Wells Fargo's policy not to foreclosure during a loan modification evaluation, another indicating it could proceed with foreclosure regardless of the loan modification application.[1] *Id.* Plaintiff thus alleges Wells Fargo engaged in "intentional and negligent misrepresentations with respect to [its] policies and procedures as they relate to default servicing." *Id.* According to Plaintiff, Mr. DeVito is responsible for the promulgation of Wells Fargo's policies and practices in default servicing, and as such, Plaintiff should be able to take his deposition to determine what the applicable policies and procedures are and how they are applied. *Id.* at 1-2. Plaintiff asserts that even if Mr. DeVito admits he has no knowledge of this information, "then that is evidence of negligence or reckless

---

[1] Plaintiff did not include copies of these cited documents for the Court's review.

2

disregard in that he is responsible for supervision of those who are implementing the policies." *Id.*

Wells Fargo contends Plaintiff's attempt to depose Mr. DeVito is a "blatant abuse of discovery." *Id.* at 3. It objects to Plaintiff's deposition notice on the following grounds: (1) Plaintiff disregarded the Northern District of California's Civil Local Rule 30-1 by failing to consult with Wells Fargo about the convenience of a deposition date; (2) Plaintiff noticed the deposition to take place in his counsel's office in Roseville, California, rather than at Wells Fargo's corporate offices in San Francisco; (3) Mr. DeVito is a high-level executive who "is the head of a department with 24,000 team members at any given moment" and "reports directly to John Stumpf, Chairman and President of Wells Fargo," and thus is subject to the protections of the apex doctrine; and (4) Plaintiff's failure to show Mr. DeVito has any knowledge of the facts at issue in this case or any knowledge of the policies and procedures that Plaintiff alleges are deficient "reveals that the purpose of [Mr. DeVito's] deposition notice is nothing short of harassment." *Id.* at 3.

As an initial matter, "courts have rejected burden-shifting for high level business executive or so-called 'apex' depositions, holding that '[t]he burden under the apex principle is supplied by the general rule applicable to a party that seeks to avoid discovery in general.'" *In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014) (quotations and citations omitted). Nevertheless, courts have "observed that [an apex deposition] creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elec. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citations omitted). Still, "[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *1 (N.D. Cal. June 30, 2015) (quotation omitted). Thus, in general, when "determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (quotation omitted). Exhaustion of other less intrusive discovery methods is not necessarily required but is an important consideration nonetheless. *See In re Transpacific*, 2014 WL 939287, at *5 ("The history of the propounding party's efforts to

1  obtain the information through other discovery, or lack of such efforts, can shed considerable light
2  on whether the party is seeking the apex deposition for appropriate purposes."). Thus, "to
3  safeguard against abuse, harassment, and undue burden, the court should consider whether and
4  how the party seeking the deposition has attempted to use other less intrusive discovery methods,
5  in addition to whether the deponent possesses unique, firsthand knowledge." *Id.*

6  As to the first consideration, Wells Fargo asserts Plaintiff "speculates that Mr. DeVito 'is
7  responsible for promulgation of this policies and procedures.'" DeVito Ltr. at 4. Plaintiff
8  explains his basis for selecting Mr. DeVito as the person to depose on these matters as follows:

> At the deposition of the person most knowledgeable, Mr. Ferguson was asked to describe his chain of command. He identified Kyle Paris, Brian K., Sarah Rollings and Maureen Christiansen all of whom were identified as loan administration managers who report to Mr. Devito. By definition, administrate means to carry out and execute as opposed to create or implement. Accordingly, administrators are not involved in policies and procedures in the same way as the head of a department, like Mr. Devito.

*Id*. at 2. Wells Fargo responds that Mr. Ferguson's testimony is related only to his *own* chain of command as a loan verification analyst; he thus did not testify that Mr. DeVito "has unique, non-repetitive, first-hand knowledge of the facts at issue in this case" or "any knowledge about the unnamed policies and procedures that Plaintiff seeks." *Id.* at 4.

As to the second consideration, aside from the deposition of Mr. Ferguson, there is no indication Plaintiff attempted to seek information about the source of Wells Fargo's policies and procedures before noticing Mr. DeVito's deposition. While Wells Fargo points out Plaintiff propounded discovery on these policies and procedures last month (*id.*), there is no indication Plaintiff attempted to clarify Mr. DeVito's role related to these policies and procedures, or whether he is the proper person to depose on these matters. Wells Fargo suggests Plaintiff has conducted no discovery to determine if Mr. DeVito is someone who has knowledge related to the information Plaintiff seeks. While Plaintiff may ultimately be entirely correct that Mr. DeVito is the proper deponent, at present the Court has no basis other than Mr. DeVito's job title to assume he possesses relevant information. As it is unclear whether Mr. DeVito has any unique first-hand, non-repetitive knowledge of the facts at issue in the case, and given the lack of prior discovery on

these matters, the Court finds it premature to compel Mr. DeVito's deposition.

Accordingly, the Court **DENIES** Plaintiff's motion to compel **WITHOUT PREJUDICE**; however, the Court will permit Plaintiff to propound no more than three interrogatories on Wells Fargo and/or Mr. DeVito, inquiring as to who created the policies and procedures with respect to default servicing that Plaintiff alleges are deficient, and who, if anyone, ratified or was aware of those policies and procedures. In conjunction with this Order, the Court also granted the parties' stipulation to extend the discovery cut-off date. Dkt. No. 99. Thus, the Court orders that if Plaintiff intends to propound such interrogatories, he must do so **by December 22, 2015**.

**B.     Deposition of Sadie Walker**

Plaintiff also seeks to depose Sadie Walker, an Executive Mortgage Specialist in Wells Fargo's Office of Executive Complaints. Walker Ltr. at 1-3. According to Plaintiff, Ms. Walker "conducted analysis of Plaintiff's entire loan file and set forth her conclusions in a letter dated November 9, 2012[,]" which explained that Plaintiff's loan modification application was denied because it was incomplete. *Id.* at 1. Plaintiff did not provide a copy of this letter for the Court's review.

Wells Fargo objects to Ms. Walker's deposition on several grounds: it asserts (1) Plaintiff again disregarded Civil Local Rule 30-1 by failing to consult with Wells Fargo about the convenience of a deposition date; (2) Plaintiff failed to inquire into where Ms. Walker resides to determine a convenient location for her deposition; (3) Ms. Walker does not have meaningful involvement in this case: she is not a percipient witness and whatever knowledge she has could be equally or better addressed by Wells Fargo's person most knowledgeable; and (4) Ms. Walker is subject to protections under the apex doctrine. *Id.* at 2-3.

As an initial matter, Wells Fargo has not at this time proffered adequate evidence for the Court to determine whether she qualifies as an apex deponent. Nonetheless, Wells Fargo explains Ms. Walker "was not involved in [] Plaintiff's loan modification review, but only summarized the history of the loan modification review after the foreclosure sale had already occurred." *Id.* at 3. It asserts Ms. Walker "prepared the letter based on information in Wells Fargo's default servicing portal, information equally available to Wells Fargo's person most knowledgeable." *Id.* Plaintiff

asserts he is entitled to ask "what the basis was for the conclusion the loan modification application was incomplete" and related questions like "who receives the transmitted documents, how those documents are transported and who and exactly what information was in front of Ms. Walker at the time of such determinations." *Id.* at 1.  But if Wells Fargo is correct that Ms. Walker was not personally involved with Plaintiff's loan modification, the Court agrees with Wells Fargo that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, through the deposition of Wells Fargo's person most knowledgeable.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

In the parties' next discovery dispute letter, however, they note Plaintiff has already deposed Wells Fargo's person most knowledgeable, Robert Ferguson.  DeVito Ltr. at 2, 4.  It is not clear whether Wells Fargo is suggesting Mr. Ferguson be re-deposed or whether the parties have a separate 30(b)(6) witness still to be deposed on matters relating to Ms. Walker's potential testimony.  In any case, Plaintiff states "the PMK testified to Ms. Walker's outline of the facts," but asserts he "is looking to determine the basis for Ms. Walker's conclusions and if she is not one hundred percent responsible for those conclusions, then only she can tell us where she go the information."  Walker Ltr. at 2.

Given Wells Fargo's description of Ms. Walker's involvement in Plaintiff's case and Plaintiff's current inability to explain why Ms. Walker should be deposed as opposed to Wells Fargo's 30(b)(6)/person most knowledgeable witness, the Court **DENIES** Plaintiff's motion to compel her deposition but does so **WITHOUT PREJUDICE** and with two caveats.  First, Wells Fargo is **ORDERED** to produce a declaration from Ms. Walker or another person with sufficient knowledge, explaining the extent of Ms. Walker's involvement in Plaintiff's loan modification application and review so that Plaintiff and the Court may ensure Ms. Walker's involvement in Plaintiff's case is as limited as Wells Fargo indicates in its arguments.  Wells Fargo must file that declaration **by December 22, 2015**.  Second, if Plaintiff has already deposed, or in the near future deposes, Wells Fargo's 30(b)(6)/person most knowledgeable witness on these matters and finds that deponent unable to address the issues about which Plaintiff seeks to depose Ms. Walker, the Court may reconsider Plaintiff's motion to compel her deposition.  Before re-filing a discovery

6

letter, the parties must first meet and confer to determine whether Plaintiff should re-depose the 30(b)(6)/person most knowledgeable witness to obtain the information Plaintiff seeks or whether there is another witness better suited to provide this information.

## CONCLUSION

Based on the analysis above, the Court **ORDERS** as follows:

(1) Plaintiff's motion to compel the deposition of Sadie Walker is **DENIED WITHOUT PREJUDICE** in accordance with this Order, including that Wells Fargo must file **by December 22, 2015** a declaration by Ms. Walker or another person with sufficient knowledge explaining the extent of Ms. Walker's involvement in Plaintiff's loan modification and review; and

(2) Plaintiff's motion to compel the deposition of Michael DeVito is **DENIED WITHOUT PREJUDICE**; however, Plaintiff may propound no more than three interrogatories on Wells Fargo and/or Mr. DeVito in accordance with this Order to determine whether Mr. DeVito is a proper deponent on the matters Plaintiff seeks discovery. Such interrogatories must be propounded by **December 22, 2015**.

**IT IS SO ORDERED.**

Dated: December 8, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge