UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE FAULKS,<br><br>      Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>      Defendants. | Case No. 13-cv-02871-MEJ<br><br>**ORDER RE: MOTION TO DISMISS & MOTION TO REMAND**<br><br>Re: Dkt. Nos. 113, 114 |

## INTRODUCTION

Plaintiff Laurence Faulks originally brought this case against Wells Fargo & Company, Bank, N.A. and Wells Fargo Home Mortgage (collectively, "Wells Fargo") challenging Wells Fargo's actions related to the foreclosure on real property located at 25 Cameo Way, San Francisco, California 94131 (the "Property"). After Wells Fargo removed the case to this Court based on diversity jurisdiction, the Court granted the parties' stipulation to add Consumer Credit Counseling of San Francisco ("CCCSF") as a Defendant. Dkt. Nos. 98, 99. CCCSF now moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), arguing that (1) allowing Faulks to join CCCSF defeats diversity jurisdiction, and (2) Faulks missed the statutory deadline by which he must file suit against it by more than a year and a half. Mot. to Dismiss, Dkt. No. 113. In response, Faulks filed a Motion to Remand, arguing that the Court should instead remand the case because diversity of citizenship is lacking. Mot. to Remand, Dkt. No. 114. The Court finds these matters suitable for disposition without oral argument and **VACATES** the March 10, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court rules as follows.

**BACKGROUND**

As of 2010, Wells Fargo was the holder of the mortgage to the Property. Third Am. Compl. ("TAC") ¶ 18, Dkt. No. 104. In that year, Faulks was unable to make his loan payments and applied for a loan modification under the Home Affordable Modification Program ("HAMP"). *Id.* Wells Fargo repeatedly told Faulks that as long as his application was being evaluated under HAMP, it would not sell his home through a foreclosure sale. *Id.* ¶ 19. Faulks alleges that despite sending Wells Fargo all the documentation it requested, he received notices that erroneously stated he had failed to submit certain documents. *Id.* ¶ 20.

In February 2012, at the behest of a Wells Fargo representative, Faulks sought help from CCCSF. *Id.* ¶ 20. According to CCCSF, it "is a non-profit organization that provides comprehensive financial counseling and education to help consumers achieve financial independence through debt reduction, homeownership, and improved money management skills." Mot. to Dismiss at 1. In March, CCCSF sent Wells Fargo all of the requested documentation in a "completed modification doc's package." *Id.* ¶¶ 22, 44. Faulks alleges Wells Fargo postponed the trustee's sale date from April 16, 2012 to May 17, 2012 because it was considering his loan modification request, and that "[a]t all times up until and including May 17, 2012, Wells Fargo led Plaintiff to believe, and its conduct and statements would have led any reasonable person to believe, that it was still continuing to consider his application for loan modification." *Id.* ¶ 24. Faulks alleges that "any reasonable person" would have believed Wells Fargo was considering his HAMP loan modification from the time he contacted CCCSF through the foreclosure sale on May 17, 2012. *Id.* ¶ 22. In fact, only two days before the foreclosure sale, Wells Fargo told CCCSF that it was still considering Faulks's HAMP loan modification. *Id.* ¶ 24.

After Wells Fargo sold his home on May 17, 2012, Faulks filed this lawsuit on May 17, 2013 in the Superior Court of San Francisco, alleging Wells Fargo negligently and fraudulently denied his loan modification. Compl., Dkt. No. 1-1. Wells Fargo later removed the case to this Court on June 21, 2013. *Id.*

On December 3, 2015, Faulks and Wells Fargo filed a Stipulation to File Third Amended Complaint to add CCCSF as a Defendant. Dkt. No. 98. The parties stated that, after Faulks took

the deposition of Rico Delgadillo, the Vice President of Counseling Programs for CCCSF, the testimony elicited supported a cause of action for negligence against CCCSF. *Id.* at 2. The parties' Stipulation did not provide any information regarding CCCSF's citizenship. The Court granted the parties' Stipulation (Dkt. No. 99), after which Faulks filed the operative TAC, adding a cause of action for negligence against CCCSF. Dkt. No. 104.

CCCSF now moves to dismiss Faulks's claim against it. CCCSF notes it is a citizen of California (*see* Lonning Decl. ¶ 2, Dkt. No. 113-1), and since Faulks is also a citizen of California (*see* TAC ¶ 6), CCCSF argues joinder is impermissible and it must be dismissed from this action. Mot. to Dismiss at 4. In the alternative, CCCSF argues Faulks's claims against it are time barred because the statute of limitations for a negligence claim is two years, yet Faulks did not bring his claims against it until 2016, more than three years after the foreclosure. *Id.* Finally, CCCSF argues Faulks fails to plead a cognizable negligence theory because he alleges only conclusory statements that fail as a matter of law. *Id.* at 6.

Four days after CCCSF filed its Motion to Dismiss, Faulks filed his Motion to Remand, arguing that there is no diversity jurisdiction, and remand is therefore appropriate. Mot. to Remand at 2.

**LEGAL STANDARD**

Under 28 U.S.C. § 1332, there must be complete diversity of citizenship between all plaintiffs and all defendants. In the case of an amended complaint that joins new parties, diversity must exist at the time the amended complaint is filed. *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, once a court has permitted the joinder of a non-diverse party, "Section 1447(e) allows a district court . . . only to remand the case to state court." *Yniques v. Cabral*, 985 F.2d 1031, 1036 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999).

3

**DISCUSSION**

As an initial matter, the Court concludes removal was proper because complete diversity existed at the time of removal: Faulks is a California resident while Wells Fargo, the only Defendant at the time of removal, is a South Dakota company. Not. of Removal at 3; *see* 28 U.S.C. § 1441(a) (recognizing that an action filed in state court may be removed only if the federal district court has original jurisdiction); *id.* § 1332(a) (defining diversity jurisdiction as having an amount in controversy exceeding $75,000 and between citizens of different states); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (requiring complete diversity of citizenship). Thus, the question is the effect of Faulks's amendment adding a nondiverse party.

"Post-removal joinder of nondiverse defendants, even those that are not indispensable, destroys diversity jurisdiction and requires remand." *Selby v. Foremost Signature Ins. Co.*, 2011 WL 43608, at *3 (E.D. Wash. Jan. 4, 2011) (citing, among others, *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). "This allows plaintiffs to reinstate their initial choice of forum." *Id.* (citing 28 U.S.C. § 1447(e)). Thus, the addition of CCCSF, a nondiverse party, after Wells Fargo properly removed this action to federal court, "destroyed the complete diversity necessary for this Court to maintain jurisdiction," and remand appears appropriate. *Id.*

CCCSF, however, argues its joinder was impermissible, and it must therefore be dismissed. Mot. to Dismiss at 4. To the extent the Court has already ordered joinder of CCCSF, it argues the Court should revisit that issue, as Faulks and Wells Fargo's stipulation did not mention CCCSF is a non-diverse Defendant, and CCCSF did not have an opportunity to object to the joinder. Opp'n to Mot. to Remand at 3, Dkt. No. 117. CCCSF further argues that, even if the Court chooses to remand this action to state court, it will be removed once again because CCCSF will likely be dismissed. *Id.* at 2.

The Court has the authority to reconsider its prior order sua sponte. Fed. R. Civ. P. 54 ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *City of L.A., Harbor Div. v. Santa Monica Baykeeper*,

254 F.3d 882, 888-89 (9th Cir. 2001) (discussing authority of Court to sua sponte revise a prior order). The Court finds reconsideration appropriate in this instance.

"[C]ourts have held that when a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint." *Kapunakea Partners v. Equilon Enters. LLC*, 2012 WL 2060876, at *3 n.5 (D. Haw. 2012) (listing cases, including *City of L.A.*). In their joint stipulation to allow Faulks to amend his complaint to add CCCSF, Faulks and Wells Fargo did not mention that CCCSF was a non-diverse defendant; nor did they mention the implications of such a joinder. *See* Dkt. No. 98. Faulks also did not present the Court with a proposed amended complaint, which would have provided the pertinent citizenship information. Further, CCCSF had no opportunity to object to the joinder. Having now reviewed Faulks's TAC and CCCSF's Motion to Dismiss, the Court finds joinder may not have been proper based on this record, and dismissal is warranted under the circumstances.

## CONCLUSION

Based on the analysis above, the Court **DENIES** Faulks's Motion to Remand and **GRANTS** CCCSF's Motion to Dismiss. Although Faulks and CCCSF briefly touch on the joinder issue in their motions, the Court finds it inappropriate to decide whether joinder is appropriate based on such a limited record. If Faulks still seeks to join CCCSF, he may file a properly noticed motion for joinder.

**IT IS SO ORDERED.**

Dated: February 19, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge

5