UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE FAULKS,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants. | Case No. 13-cv-02871-MEJ<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>Re: Dkt. No. 139 |

## BACKGROUND

On March 9, 2017, Plaintiff Laurence Faulks ("Plaintiff") timely filed a Notice of Appeal with the Ninth Circuit, appealing this Court's February 7, 2017 Order granting Defendant Wells Fargo Bank N.A.'s Motion for Summary Judgment. Notice, Dkt. No. 140; MSJ Order, Dkt. No. 137. Plaintiff also filed an Application to proceed in forma pauperis on appeal. Appl., Dkt. No. 138. For the reasons stated below, the Court **GRANTS** Plaintiff's Application.

## LEGAL STANDARD

Federal courts may authorize the maintenance of an action without prepayment of fees if a person shows by affidavit that he is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The party must attach an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Even where a party satisfies these requirements, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good

faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).  For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

**DISCUSSION**

Plaintiff's Application demonstrates he is unable to pay the costs of an appeal, and it is evident from his Form 4 Affidavit that his assets and income are insufficient to enable him to pay the fees.  *See* Appl.  Plaintiff's Affidavit also sets forth the issues on appeal for which he seeks redress:

> Whether my loan was in active review after February 9, 2012 or as of May 17, 2012.  Whether Wells Fargo clearly promised to postpone the foreclosure sale of my home after February 9, 2012. Whether my reliance on Wells Fargo's purported promise was reasonable.  Whether Wells Fargo intentionally or negligently represented to me: 1) it would not sell my property starting in May 2012; 2) it had not received my 4506-T on December 23, 2012; and/or 3) that Wells Fargo had not received my loan modification documents on September 13, 2011 and May 15, 2012.  Whether Wells Fargo breached their duty to me to properly review my loan modification application.  Whether Wells Fargo's actions w[]ere extreme enough to constitute actions that exceed the bounds of a civilized society.

Aff. at 1, Dkt. No. 139-1 (errors in original).  Finally, the Court cannot find Plaintiff's appeal is not taken in good faith.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis.

**IT IS SO ORDERED.**

Dated: March 13, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge